Finn W. Dusenbery, Esq.
HARDING MAZZOTTI, LLP
1 Wall Street
Albany, New York 12205
Tel.: (518) 724-2257
Fax: (518) 389-6812
Email: finn.dusenbery@1800law1010.com

*Attorneys for Named Plaintiff, proposed FLSA Collective, and proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------X

EMELINE BARD-HOBBS, on behalf of herself and others similarly situated,

                           Plaintiffs,

-against-

STACKS ESPRESSO LLC, TYLER WRIGHTSON, and SUE DUNCKEL,

                           Defendants.

-------------------------------------------------------------------------X

Civil Action No. 1:25-CV-0713 (LEK/TWD)

**COMPLAINT**

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**

**COMPLAINT**

Plaintiff, EMELINE BARD-HOBBS, on behalf of herself and the proposed FLSA Collective and Class, as and for the Complaint against Defendants, STACKS ESPRESSO LLC ("Stacks"), TYLER WRIGHTSON, and SUE DUNCKEL (collectively, "Defendants"), alleges as follows:

**INTRODUCTION**

1. Stacks has been unlawfully requiring its baristas to share their tips with managers and cooks who do not provide customer service. Stacks served specialty coffee, but treated its baristas like instant.

1

## JURISDICTION AND VENUE

2.  Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law (hereinafter the "NYLL") and supporting regulations to recover unlawfully retained or withheld tips, and for other relief.

3.  Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

4.  The Court has supplemental jurisdiction over Plaintiff's other claims under 29 U.S.C. § 1367, as they are so related to Plaintiff's FLSA claim that they form part of the same case or controversy under Article II of the United States Constitution.

5.  Venue is appropriate in the Northern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial District.

## THE PARTIES

6.  At all times relevant, Plaintiff was a barista employed by Defendants.

7.  At all times hereinafter mentioned, Defendant Stacks, was a domestic limited liability company organized and existing under the laws of New York.

8.  Upon information and belief, the gross annual volume of sales made or business done by Defendant Stacks at all relevant times was not less than $500,000.00, respectively.

9.  At all relevant times, Defendant Stacks maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

10. At all relevant times, Defendant Wrightson was the owner of Stacks.

11. At all relevant times, Defendant Wrightson has been an employer under the FLSA and NYLL.

12. Defendant Wrightson had the power to hire and fire employees of Defendant Stacks. For example, Mr. Wrightson directed the firing of one employee when that employee received a poor Google review.

13. Defendant Wrightson had the power to set the pay of employees of Defendant Stacks.

14. Defendant Wrightson had the power to set schedules of employees of Defendant Stacks.

15. At all relevant times, Defendant Dunckel was the CEO of Stacks.

16. At all relevant times, Defendant Dunckel has been an employer under the FLSA and NYLL.

17. Defendant Dunckel had the power to hire and fire employees of Defendant Stacks.

18. Defendant Dunckel had the power to set the pay of employees of Defendant Stacks.

19. Defendant Dunckel had the power to set schedules of employees of Defendant Stacks.

## FACTS

20. Plaintiff's consent to sue form is attached hereto as Exhibit 1.

21. At all relevant times, Defendant Stacks operated coffee shops in and around Albany at four different locations: 275 Lark St, Albany, NY 12210 ("Lark St location 2"); 488 Broadway, 488 Broadway, Albany, NY 12207 ("Broadway location"); 13 3rd St, Troy, NY 12180 ("Troy location"); and 652 Albany Shaker Rd, Albany, NY 12211 ("Pioneer Plaza location").

22. During her employment, Plaintiff worked shifts at all Stacks locations.

23. Plaintiff was employed by Defendants from around July or August 2021 to May 2025 as a barista, taking orders from customers and serving coffee and food.

24. During Plaintiff's employment, Defendants required Plaintiff to share credit card tips with cooks, who did not provide customer service.

25. Starting around January 2023, Defendants required Plaintiff to split her credit card tips evenly with any staff member, including a cook, who worked during her shift.

26. Further, Defendants required Plaintiff to share tips with managers or supervisors.

27. For example, Chloe Caruso-Sosa, the only Human Resources employee and Director of Coffee, shared in tips when she worked with Plaintiff. In her role, Ms. Caruso-Sosa interviewed baristas and her opinion about hiring and firing was given particular weight; gave trainings on the job duties of baristas; and gave directions to employees, such as telling them to be mindful that a certain coffee was low in inventory and that another kind of coffee would be offered to customers; monitored and oversaw locations.

28. Further, Ms. Caruso-Sosa had the ability to approve or deny requests for time off. On or around January 17, 2025, Defendant Dunckel texted staff, "Chloe [Caruso-Sosa] and I will be out of the country for 10 days in mid-February. As a result, we will be stingy with requests for time off. We need our team to be strong and supportive especially with the opening of Lark Street happening around the same time."

29. As another example, Kylie Macana, General Manager, shared in tips when she worked with Plaintiff. In her role, Ms. Macana scheduled all Stacks employees; gave directions to employees and monitored them, including giving directions about the temperature of salmon and checking temperature logs of food at all locations, and giving directions about monitoring coffee supplies and threatening disciplinary action for failing to do so, including a written warning and 30-day probation; gave sexual harassment and diversity trainings to employees; gave directions about company policies, such as calling out for a shift, to employees and threatened

4

disciplinary action if it was not followed; provided call-out and sick time policies to employees and collected signed acknowledgements of same; and had the ability to approve or deny requests for sick time.

30. Around 2021, Defendants required Plaintiff to share 20% of her and all other baristas' credit card tips at the Broadway location with a cook who did not provide customer service. This requirement stopped around the end of 2022.

31. Around the end of Plaintiff's employment, Plaintiff had been making $18 per hour, and Defendants told Plaintiff to accept a pay cut to $16.50 per hour if she agreed to work on Sundays, or $15.50 per hour if she did not. Ms. Caruso-Sosa, Ms. Macana, and Ms. Dunckel were all involved in this decision to cut Plaintiff's pay.

32. Defendant failed to furnish Plaintiff with accurate wage statements along with every payment of wages as required by NYLL § 195(3).

33. Defendant failed to provide Plaintiff with a notice and acknowledgment of pay rate and pay day or any other type of wage notice as required by NYLL § 195(1).

34. Defendant knowingly committed the foregoing acts against the Plaintiff, FLSA Collective Members, and members of the Class.

## FLSA COLLECTIVE ACTION ALLEGATIONS

35. Plaintiff seeks to bring the First Cause of Action as a collective action pursuant to 29 U.S.C. § 216(b) on her own behalf as well as those in the following Collective:

> All non-exempt baristas employed by Defendants from three years prior to the filing of this complaint through the final date of disposition of this action.[1]

---

[1] Hereinafter referred to as the "FLSA Collective," "FLSA Collective Members," "Collective" or "Collective Members."

36. At all relevant times, Plaintiff was similarly situated to all such individuals in the Collective because, while employed by Defendant, Plaintiff and all Collective Members performed similar tasks, were subject to the same laws and regulations, were paid in the same or substantially similar manner, were paid the same or similar rate, and were subject to Defendants' policies and practices of willfully and unlawfully requiring them to share tips with tip-ineligible employees, including managers or supervisors.

37. Defendant is and has been aware of the requirement that it cannot require Plaintiff and the Collective Members to share tips with managers or supervisors.

38. The Collective Members are readily discernable and ascertainable. All Collective Members' contact information is readily available in Defendants' records. Notice of this collective action can be made as soon as the Court determines it appropriate to do so.

39. The number of Collective Members in the Collective is too numerous to join in a single action, necessitating collective recognition.

40. All questions relating to Defendants' violation of the FLSA share a common factual basis as set forth herein. No claims under the FLSA relating to Defendants unlawfully requiring Plaintiff and Collective Members to share tips with tip-ineligible employees, including managers or supervisors, are specific to Plaintiff and the claims asserted by Plaintiff are typical of those of Collective Members.

41. Plaintiff will fairly and adequately represent the interests of the Collective and has no interests conflicting with the Collective.

42. A collective action is superior to all other methods and is necessary in order to fairly and completely litigate violations of the FLSA.

43. Plaintiff's attorneys are familiar and have experience with collective and class action litigation, as well as employment and labor law litigation.

44. The public will benefit from the case being brought as a collective action because doing so will serve the interests of judicial economy by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual Collective Members creates a risk for varying results based on identical fact patterns as well as disposition of the Collective's interests without their knowledge or contribution.

45. The questions of law and fact are nearly identical for all Collective Members and therefore proceeding as a collective action is ideal. Without judicial resolution of the claims asserted on behalf of the proposed Collective, Defendant's continued violations of the FLSA will undoubtedly continue.

### **RULE 23 CLASS ALLEGATIONS – NEW YORK**

46. Plaintiff brings the state law Causes of Action pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt baristas employed by Defendant on or after the date that is six years before the filing of this Complaint in this case (the "Class Period").

47. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked; the positions held; the tips received; the tips that Defendants unlawfully required Class members to share with tip-ineligible employees, including managers or supervisors; the tips Defendants unlawfully required Class members to share with cooks, who did not provide customer service; and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and

other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

48. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) members of the Class.

49. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of unlawfully requiring Class members to share tips with tip-ineligible employees, and of failing to provide adequate wage notices and statements. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

50. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

51. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against

corporate Defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

52. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

53. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendant employed Plaintiff and the Class members within the meaning of the New York law;

   b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding tips for Plaintiff and the Class members;

   c) Whether Defendants required Plaintiff and the Class members to share tips with tip-ineligible employees;

   d) Whether Defendants retained a portion of Class members' tips;

   e) Whether Defendant provided Plaintiff and the Class members with adequate wage notices and wage statements; and

   f) What are and were the policies, practices, programs, procedures, protocols and plans of Defendant regarding the type and amount of labor Plaintiff and the Class members were required to perform.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION
**Violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*
Made by Plaintiff on Behalf of All Collective Members Against Defendants
(FLSA Illegal Deductions from Gratuities)**

54. Plaintiff, on behalf of herself and the other Collective Members alleges, re-alleges, and incorporates by reference all allegations set forth in each of the preceding paragraphs as though fully set forth herein.

55. At all relevant times, Defendants have been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

56. Throughout the period covered by the applicable statute of limitations, Defendants knowingly retained/misappropriated gratuities belonging to Plaintiff and the FLSA Collective Members.

57. Plaintiff, on behalf of herself and the FLSA Collective Members, seeks damages in the amount of her respective unpaid gratuities, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION**
**Violations of the NYLL, Section § 196-d and 198-b**
**Made By Plaintiff on Behalf of Herself and the Class Against Defendants**
**(NYLL Illegal Deductions from Gratuities)**

58. Plaintiff, on behalf of herself and the Class members, alleges, re-alleges and incorporates by reference all allegations from all preceding.

59. Defendants knowingly and willfully retained/misappropriated gratuities belonging to Plaintiff and the Class members.

60. Plaintiff, on behalf of herself and the Class members, seeks damages in the amount of their respective unpaid gratuities, liquidated damages as provided by the NYLL, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION**
**Violations of the NYLL, Section 195(1)**
**Made By Plaintiff and the Class Against Defendants**
**(Failure to Provide Wage Notices)**

61. Plaintiff, on behalf of herself and the Class members, alleges, re-alleges, and incorporates by reference all allegations in all preceding paragraphs as though fully set forth herein.

62. Defendants willfully failed to furnish Plaintiff and Class members with a wage notice during the relevant time period of his employment, including the date of their hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff and the Class Members as their primary language, which were to contain, among other things, Plaintiff and the Class members' rate or rates of pay and basis thereof; the regular pay day designated by Defendant as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiff's and Class members' regular hourly rates of pay and overtime rates of pay.

63. Through their knowing and intentional failure to provide Plaintiff and the Class members with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

64. Defendants' failure to provide the wage notice required by the NYLL hindered Plaintiff and Class members in their ability to contest the wage and hour deficiencies to which they were subjected by their employer and seek redress of wage violations, resulting in delayed payment of all proper wages and damages.

65. Due to Defendants' willful violations of the NYLL, Plaintiff and Class members are entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

**AS AND FOR A FOURTH CAUSE OF ACTION**
**Violations of the NYLL, Section 195(3)**
**Made By Plaintiff and the Class Against Defendants**
**(Failure to Provide Wage Statements)**

66. Plaintiff, on behalf of herself and the Class members, alleges, re-alleges and incorporates by reference all allegations in all preceding paragraphs as though fully set forth herein.

67. Defendants willfully failed to provide Plaintiff and the Class members proper written wage statements with their wages each pay period as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; gross wages; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

68. Through their knowing and intentional failure to provide Plaintiff and Class members with accurate wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

69. Defendants' failure to provide the wage statements required by the NYLL hindered Plaintiff and Class members in their ability to contest the wage and hour deficiencies to which they were subjected by their employer and seek redress of wage violations, resulting in delayed payment of all proper wages and damages.

70. Due to Defendants' willful violations of the NYLL, Plaintiff and Class members are entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

**WHEREFORE,** Plaintiff, on behalf of herself and the FLSA Collective Members and members of the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated Collective Members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as the Representative of the FLSA Collective Members;

C. Designation of this action as a class action pursuant to F.R.C.P. 23;

D. Designation of Plaintiff as the Representative of the Class;

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Pre-judgment and post-judgment interest, as provided by law;

H. Costs of action incurred herein, including expert fees;

I. Attorneys' fees under all applicable statutes;

J. Statutory damages under all applicable laws; and

K. Provide such other and further relief as the Court deems just and equitable.

Dated: June 5, 2025
       Albany, New York

**HARDING MAZZOTTI, LLP**

By: _/s/ Finn Dusenbery_

Finn W. Dusenbery, Esq.
*Attorneys for Plaintiff*
1 Wall Street
Albany, New York 12205
Tel.: (518) 724-2257
Fax: (518) 389-6812
Email: finn.dusenbery@1800law1010.com

*Attorneys for the Named Plaintiff, proposed FLSA Collective, and proposed Class*

TO:    STACKS ESPRESSO, LLC
        488 Broadway
        Albany, New York 12207

        TYLER WRIGHTSON
        488 Broadway
        Albany, New York 12207

        SUE DUNCKEL
        488 Broadway
        Albany, New York 12207